IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14CV506-RJC-DSC

| | |
|---|---|
| NGANDO, THEODORE,<br><br>Plaintiff,<br><br>v.<br><br>GOINS, EDWARD ELLIOTT, JR., et. al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss" (document #4) and "Motion to Strike [pages 2 and 3 of exhibit attached to Plaintiff's Response]" (document #10) and "Plaintiff's Motion for Court Order for Defendants to Cease and Desist Contacting Plaintiff by Email-Spam Mail and for Sanctions" (document #15), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as discussed below. Further the Court will grant Defendant's Motion to Strike and deny Plaintiff's Motion for Court Order.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The pro se Plaintiff asserts claims under 42 U.S.C. § 1983 and related statutes alleging discrimination by Defendants, his supervisors at the City of Charlotte's McDowell Wastewater

1

Treatment Plant. Plaintiff's factual allegations are identical to those in his two previous cases. See NCWD File Nos 3:12-cv-809-GCM and 3:12-cv-834-GCM.[1]

On February 27, 2013, the Court consolidated the previous cases under 3:12-cv-809, finding that "the employment discrimination claims raised in 3:12-cv-834 are based on the same facts as those raised in 3:12-cv-809 alleging a violation of the Family Medical Leave Act [FMLA]." 3:12-cv-809, document 9.

On November 1, 2013, the Honorable Graham C. Mullen <u>dismissed</u> the claims for race and national origin discrimination, as well as the FMLA claims made against the individual Defendants—including Goins and Lockler—under Fed. R. Civ. P. 12(b)(6). 3:12-cv-809, document 28, pp. 9-13. Judge Mullen also <u>ordered stricken</u> much of the Title VII Complaint, including portions nearly identical to the second and third pages of Plaintiff's Exhibit 9-1. 3:12-cv-809, document 28. For the same reasons stated in Judge Mullen's Order, Defendants' "Motion to Strike" (document #10) will be <u>granted</u>.

On July 15, 2014, a mediated settlement conference was successful. On July 30, 2014, the parties entered into a settlement agreement and stipulation of dismissal with prejudice. 3:12-cv-809, documents 38-39.

On September 12, 2014, Plaintiff filed the instant lawsuit which arises from the same operative facts as his prior two cases. The common thread throughout all three cases is the allegation that Plaintiff was subjected to discrimination by Defendants Goins and Lockler based upon his race and national origin.

On October 27, 2014, Defendants filed their Motion to Dismiss.

---

[1] Even though the previous actions were styled as being under Title VII and this case purports to be under 42 U.S.C. § 1983 <u>et seq.</u>, the allegations are the same.

On February 19, 2015, Plaintiff filed his "Motion for Court Order for Defendants to Cease and Desist Contacting Plaintiff by Email-Spam Mail and for Sanctions." (document #15). This Motion is frivolous, and for the reasons stated in Defendants' opposition brief (document #16) the Motion will be <u>denied</u>.

Defendants' Motion to Dismiss has been fully briefed and is ripe for disposition.

## II. <u>DISCUSSION OF CLAIMS</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555) (allegation that government officials adopted challenged policy

3

"because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Plaintiff's present lawsuit is barred by both the statute of limitations and the doctrine of res judicata.

"Because there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable provision limiting the time in which an action under § 1983 must be brought, must be borrowed from the analogous state statute of limitations." National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991), cert. denied, 504 U.S. 931, 112 S.Ct. 1997, 118 L.Ed.2d 593 (1992) (internal quotations omitted).

Under North Carolina law, the relevant statute of limitations for § 1983 claims is three

years because the claim is "upon a liability created by statute, either state or federal…" and there is no other time limit set by Congress in the statutory scheme. N.C. Gen. Stat. § 1-52(2); see also, N.C. Gen. Stat. § 1-52(5) (causes of action related to personal injuries).

"Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). Liberally construing the Complaint in Plaintiff's favor, he alleges ten months of racial and national origin based disparate treatment during the course of his employment with the City of Charlotte and under the direct supervision of Defendants. This alleged discrimination ended with his termination on December 10, 2010. That is the latest that Plaintiff's claims against Defendants could have accrued. See, e.g., Delaware State Coll. v. Ricks, 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Plaintiff did not file the instant lawsuit until September 12, 2014. The Complaint is time barred and must be dismissed with prejudice.

The doctrine of res judicata exists to bar "further claims by parties or their privies based on the same cause of action," after "a final adjudication on the merits." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). "To establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotations omitted), cert. denied, 523 U.S. 1072, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998).

Plaintiff has previously filed a Complaint with this Court alleging the same "pattern of continuous racial harassment, racial discrimination, unfair racially biased punishment, disciplinary action, hostile, toxic, radioactive work conditions/environment…" perpetrated against him by

Defendants Goins and Lockler. As explained in Defendants' Memorandum in Support, pp 8-11 (document #5), a final judgment was entered on the merits in the prior lawsuit and there is an identity of the causes of action and the parties in both lawsuits. Accordingly, Plaintiff's Complaint is barred by res judicata.

For those reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that:

1. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

2. Defendants' "Motion to Strike" (document #10 is **GRANTED**, that is, pages 2 and 3 of Document 9-1 are **STRICKEN**. The Clerk shall remove those pages from the docket.

3. "Plaintiff's Motion for Court Order for Defendants to Cease and Desist Contacting Plaintiff by Email-Spam Mail and for Sanctions" (document #15) is **DENIED**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss" (document #4) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: March 24, 2015

_____
David S. Cayer
United States Magistrate Judge