**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:14-cv-506-RJC-DSC**

| | | |
|---|---|---|
| NGANDO, THEODORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GOINS, EDWARD ELLIOTT, JR.; | ) | |
| And LOCKLER, STEPHEN JOSEPH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss and Memorandum in Support, (Doc. Nos. 4, 5); Defendants' Motion to Strike Plaintiff's Response in Opposition to Motion (Exhibit 9-1), (Doc. No. 10); Plaintiff's Motion for Court Order for Defendants to Cease and Desist Contacting Plaintiff by Email-Spam Mail and for Sanctions, (Doc. No. 15); the Magistrate Judge's Memorandum and Recommendations ("M& R"), (Doc. No. 22); Plaintiff's Objection to the M&R, (Doc. No. 23); and Defendants' Reply to Plaintiff's Objection, (Doc. No. 24).

In the M&R, the Magistrate Judge recommended that Defendants' Motion to Dismiss be granted with prejudice; Defendants' Motion to Strike be granted; and Plaintiff's Motion for Court Order be denied. Plaintiff filed an Objection to the M&R of the Magistrate Judge on April 16, 2015, and Defendants filed a Reply to Plaintiff's Objection on May 4, 2015. It is ripe for review.

## I.    BACKGROUND

The pro se Plaintiff asserts claims under 42 U.S.C. § 1983 and related statutes alleging discrimination by Defendants, his supervisors at the City of Charlotte's McDowell Wastewater

Treatment Plant. (Doc. No. 1 at 4-5). Plaintiff's factual allegations here are identical to those in his two previous cases. See NCWD File Nos 3:12-cv-809-GCM; 3:12-cv-834-GCM. On February 27, 2013, the Court consolidated the previous cases under 3:12-cv-809, finding that "the employment discrimination claims raised in 3:12-cv-834 are based on the same facts as those raised in 3:12-cv-809 alleging a violation of the Family Medical Leave Act [FMLA]." (3:12-cv-809, Doc. No. 9).

On November 1, 2013, the Honorable Graham C. Mullen dismissed the claims for race and national origin discrimination, as well as the FMLA claims made against the individual Defendants (including Goins and Lockler) under Federal Rule of Civil Procedure 12(b)(6). (3:12-cv-809, Doc. No. 28 at 9-13). Judge Mullen also granted a motion to strike much of the Title VII Complaint, including portions nearly identical to the second and third pages of Plaintiff's Exhibit 9-1. (3:12-cv-809, Doc. No. 28).

On July 15, 2014, a mediated settlement conference was successful. (3:12-cv-809, Doc. Nos. 38-39). On July 30, 2014, the parties entered into a settlement agreement and stipulation of dismissal with prejudice. Id. On September 12, 2014, Plaintiff filed the instant lawsuit which arises from the same operative facts as his prior two cases. (See Doc. No. 1 at 2-5). The common thread throughout all three cases is the allegation that Plaintiff was subjected to discrimination by Defendants Goins and Lockler based upon his race and national origin. (Doc. No. 1 at 4; see NCWD File Nos 3:12-cv-809-GCM; 3:12-cv-834-GCM).

On October 27, 2014, Defendants filed their Motion to Dismiss, (Doc. No. 4). On January 20, 2015, Defendants filed their Motion to Strike, (Doc. No. 10). On February 20, 2015, Plaintiff filed his Motion for Court Order for Defendants to Cease and Desist Contacting Plaintiff by Email-Spam Mail and for Sanctions, (Doc. No. 15). The Magistrate Judge recommended that this

Court grant Defendants' Motion to Dismiss, grant Defendants' Motion to Strike, and deny Plaintiff's Motion for Court Order.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

## III.    DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation to grant the Defendants' Motion to Dismiss. Specifically, Plaintiff objects to the Recommendation's finding that Plaintiff's claims are barred by *res judicata* and to "some of the Magistrate's recommendations." (Doc. No. 23 at 2). This Court also addresses the issue of untimeliness of the Plaintiff's objection.

### A.    Untimeliness of Plaintiff's Objection

This Court recognizes that Plaintiff's Objection to the M&R was filed after the deadline. Plaintiff had seventeen days to file written objections to the M&R: the fourteen days typically afforded by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), plus three

extra days because Plaintiff was served via mail. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 72 Advisory Committee Notes, 1983 Addition. Under the appropriate computation of time, Plaintiff's written objections were due on April 10, 2015. Plaintiff filed his written objection on April 16, 2015, the date it was received via mail by the Clerk's Office. (Doc. No. 23 at 1).  However, pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, this Court finds that, although Plaintiff's objection was untimely, it will nevertheless be considered.

      B.      *Res Judicata*

Plaintiff objects to the Recommendation's finding that his claims are barred by *res judicata*. "To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotations omitted), cert. denied, 523 U.S. 1072 (1998).

Plaintiff's general objection, to the extent that it addresses any of the Magistrate Judge's conclusions, is to the conclusion that *res judicata* bars his claims in the present lawsuit from moving forward. Plaintiff contends that "numerous court precedence (sic) allowed for complainants to seek additional relief against Defendants like Goins and Lockler in their official and personal capacities under the 1981 and 1985 statutes… [these] remedies are not similar, are separate and independent of his previous Title V11 [sic] and 1983 lawsuit." (Doc. No. 23 at 2).

However, this Court finds that all three requirements of *res judicata* are met. First, there has already been a final judgment on the merits when all claims contained in Plaintiff's prior two lawsuits were dismissed with prejudice as to the individual defendants, including Goins and

Lockler. (Doc. No. 22 at 2; see also 3:12-CV-809, Doc. No. 28 at 9-13). Moreover, outstanding claims (all against the City of Charlotte as an entity) were successfully resolved and dismissed with prejudice via a mediated settlement conference wherein Plaintiff had counsel. (3:12-CV-809, Doc. Nos. 38-39). Thus, this Court finds that a final judgment on the merits did occur in a prior suit.

Second, an identity of the cause of action in both the earlier and later suit is also met. Plaintiff did not object to the Recommendation's finding that "Plaintiff has previously filed a Complaint alleging the same 'pattern of continuous racial harassment, racial discrimination… perpetuated against him by Defendants Goins and Lockler." (Doc. No. 22 at 5-6). The crux of the allegations throughout Plaintiff's lawsuits is that the present Defendants discriminated against him on the basis of his race and national origin, as well as interfering with his FMLA rights. Plaintiff attempted to bring several causes of action (including under 42 U.S.C. §§ 1981 and 1985) in the prior lawsuits. (Doc. No. 12 at 3-7). Therefore, this Court finds that the underlying facts are the same as those filed in Plaintiff's two previous consolidated lawsuits against Defendants. See NCWD File Nos. 3:12-CV-809-GCM; 3:12-CV-834-GCM (consolidated sua sponte by Judge Mullen under 3:12-CV-809-GCM).

Finally, an identity of parties in the two suits is also met. In 3:12-CV-809, the Court held that Plaintiff had "fail[ed] to state a claim against any of the individually named Defendants…" (3:12-CV-809, Doc. No. 28 at 11-12). As Plaintiff sought relief against Goins and Lockler in his prior lawsuit(s), he had an obligation to bring all then-available claims in one suit, rather than meting claims out over a period of several years. Northwestern Financial Group, Inc. v. County of Gaston, 110 N.C.App. 531, 538 (1993). This Court finds that an identity of parties exists and, thus, the dismissal of Plaintiff's Complaint with prejudice is consistent with the goals of *res*

*judicata*.

C.       General Objection to the M&R

Plaintiff also generally objects to the M&R and to "some of the Magistrate's recommendations." (Doc. No. 23 at 2).  Rule 72(b)(2) of the Federal Rules of Civil Procedure allows a party to "file and serve specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). General objections to a Magistrate Judge's recommendations operate as a waiver of further review. Page v. Lee, 337 F.3d 411, 416 (fn. 3) (4th Cir. 2003). In Page, counsel for the petitioner simply objected in general to the Magistrate Judge's recommendations and referred back to prior briefing on the issue. The Court noted that the generality of the objection "is insufficient to avoid waiver" and "standing alone, was sufficient basis upon which to affirm the judgment of the district court." Id.

Here, Plaintiff contends that he "contests and objects to some of the Magistrate's recommendations." (Doc. No. 23 at 2). However, Plaintiff only makes a general objection as it pertains to some of his claims for relief. Plaintiff obliquely refers to his prior briefing on the issue of *res judicata* as it pertains to his claims, without further elucidation. Id. Furthermore, Plaintiff refers to "numerous court precedence" but does not provide a single legal citation. Id. Based on the foregoing, this Court finds that Plaintiff has failed to object with sufficient specificity to the Magistrate Judge's recommendation.

IV.   **CONCLUSION**

Therefore, this Court **adopts** the findings of fact and conclusions of law specified in the Magistrate Judge's M&R.

**IT IS, THEREFORE, ORDERED** that:

1.       Defendants' Motion to Dismiss, (Doc. No. 4), is **GRANTED** and the Complaint,

(Doc. No. 1), is **DISMISSED WITH PREJUDICE;**

2.       Defendants' Motion to Strike, (Doc. No. 10), is **GRANTED**;

3.       Plaintiff's Motion for Court Order, (Doc. No. 15) is **DENIED**; and

4.       The Clerk of Court is directed to close this case.

Signed: June 3, 2015

Robert J. Conrad, Jr.
United States District Judge